## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 16 2020, 8:23 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cara Schaefer Wieneke
Wieneke Law Office, LLC
Brooklyn, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Myriam Serrano
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Adrienne Rae Pritchard, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | January 16, 2020 <br><br> Court of Appeals Case No. 19A-CR-2110 <br><br> Appeal from the Vermillion Circuit Court <br><br> The Honorable Jill D. Wesch, Judge <br><br> Trial Court Cause Nos. 83C01-1804-F5-12 83C01-1903-F4-3 |

**Najam, Judge.**

# Statement of the Case

Adrienne Ray Pritchard appeals her sentence after she pleaded guilty to burglary, as a Level 4 felony. Pritchard raises one issue for our review, namely, whether her sentence is inappropriate in light of the nature of the offense and her character.

We affirm.

# Facts and Procedural History

In August 2018, Pritchard pleaded guilty to burglary, as a Level 5 felony, in Cause Number 83C01-1804-F5-12 ("F5-12"). Pursuant to that guilty plea, the trial court sentenced her to three years suspended to probation.

On March 13, 2019, Pritchard entered Skyler McIntyre's house through a window while McIntyre was sleeping. Pritchard then took "multiple items" from McIntyre's house, including McIntyre's cell phone. Tr. Vol. II at 7. McIntyre confronted Pritchard, but Pritchard denied having taken the items. McIntyre later contacted Pritchard's girlfriend, who was able to locate McIntyre's cell phone and return it to her.

The State charged Pritchard with burglary, as a Level 4 felony; residential entry, a Level 6 felony; theft, as a Class A misdemeanor; and criminal mischief, as a Class B misdemeanor, in Cause Number 83C01-1903-F4-3 ("F4-3"). In addition, the State filed a petition to revoke Pritchard's probation in F5-12. Thereafter, Pritchard entered into a plea agreement with the State in which she

agreed to plead guilty to burglary, as a Level 4 felony, in F4-3, and to admit to the probation violation in F5-12. In exchange, the State agreed to dismiss the remaining charges in F4-3. The court accepted Pritchard's guilty plea and entered judgment of conviction accordingly. Following a hearing, the court revoked Pritchard's placement on probation in F4-12 and ordered her to serve the balance of her previously suspended sentence. The court also sentenced her to six years, with three years executed in the Department of Correction and three years on home detention in F4-3, which sentence was to be served consecutive to her sentence in F5-12. This appeal ensued.

## Discussion and Decision

[6] Pritchard contends that her six-year sentence in F4-3 is inappropriate in light of the nature of the offense and her character.[1] Indiana Appellate Rule 7(B) provides that "[t]he Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." This court has recently held that "[t]he advisory sentence is the starting point the legislature has selected as an appropriate sentence for the crime committed." *Sanders v. State*, 71 N.E.3d 839, 844 (Ind. Ct. App. 2017). And the Indiana Supreme Court has recently explained that:

> The principal role of appellate review should be to attempt to leaven the outliers . . . but not achieve a perceived "correct"

---

[1] On appeal, Pritchard does not challenge her sentence in F5-12.

result in each case. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). Defendant has the burden to persuade us that the sentence imposed by the trial court is inappropriate. *Anglemyer v. State*, 868 N.E.2d 482, 494 (Ind.), as amended (July 10, 2007), *decision clarified on reh'g*, 875 N.E.2d 218 (Ind. 2007).

*Shoun v. State*, 67 N.E.3d 635, 642 (Ind. 2017) (omission in original).

[7] Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell*, 895 N.E.2d at 1222. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id*. at 1224. The question is not whether another sentence is more appropriate, but rather whether the sentence imposed is inappropriate. *King v. State*, 894 N.E.2d 265, 268 (Ind. Ct. App. 2008). Deference to the trial court "prevail[s] unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015).

[8] The sentencing range for a Level 4 felony is two years to twelve years, with an advisory sentence of six years. Ind. Code § 35-50-2-5.5 (2019). Here, Pritchard's plea agreement left sentencing open to the discretion of the trial court, and the court sentenced her to the advisory sentence of six years, with

three years executed in the Department of Correction and three years to be served on home detention.

[9] On appeal, Prichard contends that her sentence is inappropriate in light of the nature of the offense because the offense was "minor," she accepted responsibility, and McIntyre recovered her property. Appellant's Br. at 9. And Prichard contends that her sentence is inappropriate in light of her character because her criminal history only consists of offenses that were "minor and not violent in nature," and because she "has struggled with a serious drug addiction" and "serious mental health disorders." *Id*. at 9.

[10] However, Prichard has not met her burden on appeal to demonstrate that her sentence is inappropriate. With respect to the nature of the offense, Pritchard broke into McIntyre's home through a window while McIntyre was asleep and stole "multiple items," including a cell phone. Tr. Vol. II at 7. Further, while McIntyre received her property back, it was not because Pritchard returned the items. Rather, Pritchard's girlfriend, who was a friend of McIntyre, returned the phone. Pritchard has not presented compelling evidence portraying the nature of the offenses in a positive light. *See Stephenson*, 29 N.E.2d at 122.

[11] As to her character, Pritchard is only twenty-three years old and already has a criminal history that spans two states and includes two prior felony convictions, including a prior conviction for burglary. Further, Pritchard has been given opportunities to avoid incarceration in the past through alternative sentences in both Indiana and Illinois, but she continues to commit crimes. Indeed,

Pritchard was on probation for two prior offenses when she committed the instant offense.

[12] Still, Pritchard asserts that her sentence is inappropriate because the instant offense constituted a violation of her probation in F5-12, which violation resulted in the court revoking her probation and imposing the balance of her previously suspended sentence. In essence, Pritchard contends that her six-year sentence for the instant offense is inappropriate because she already has to serve "several years in prison as a result of the probation violation." Appellant's Br. at 9. Pritchard's argument on this point is not well taken. We acknowledge that Pritchard has been ordered to serve the balance of her previously suspended sentence in a prior case because she violated the terms of her probation. But we cannot say that her sentence for the instance offense is inappropriate simply because the offense triggered the revocation of her probation in another case. Rather, as discussed above, Pritchard has a criminal history that reflects poorly on her character.

[13] We conclude that Pritchard's six-year advisory sentence, with three years executed in the Department of Correction and three years on home detention, is not inappropriate. We therefore affirm Pritchard's sentence.

[14] Affirmed.

Vaidik, J., and Tavitas, J., concur.